No. 12,714.

STATE EX REL. H. W. MCLEOD & CO. VS. W. N. POTTS, JUDGE OF THE FIFTH JUDICIAL DISTRICT COURT, PARISH OF OAUCHITA.

The writ of prohibition, as its name imports, is one which commands the person to whom it is directed not to do something which by the suggestion of the relator the court is informed he is about to do. If the thing is already done it is manifest that the writ can not undo it, for that would require the performance of an affirmative act; whereas the only effect of the writ of prohibition is to suspend all action and prevent further proceeding in the prohibited direction.

APPLICATION for Writs of *Certiorari* and Prohibition.

*A. A. Gunby* and *Sholars & Schreiber* for Relators.

Respondent *pro se.*

Submitted on briefs January 10, 1898.
Opinion handed down January 24, 1898.

The opinion of the court was delivered by

WATKINS, J. Relators' complaint is that they instituted suit in a magistrate's court of the parish of Ouachita and obtained judgment therein for ninety dollars, and that they caused an execution to issue thereunder, and the constable of that court to seize certain personal property of the judgment debtor and to advertise the same for sale.

That one McLain filed in said magistrate's court a petition of third opposition in which it is alleged that the judgment debtor was

indebted to him in the sum of two hundred and fifty dollars—one hundred dollars of which represented rent of land, and the remainder necessary plantation supplies—and that for the security of the payment of that sum he had a first lien and privilege on the aforesaid property; and that he obtained from said magistrate an order directing and requiring the constable to retain in his hands a sufficient amount of the proceeds of same when sold to pay and satisfy said demand.

Relators represent that they filed in said court an exception to the jurisdiction thereof *ratione materiæ*, which was grounded on the averment that the demand of a third opponent being for the sum of two hundred dollars was far in excess of the constitutional limit of its authority; and that the justice of the peace sustained that exception and dismissed the aforesaid opposition.

That from that judgment of dismissal the third opponent prosecuted an appeal to the court of the respondent; and that they therein appeared by counsel and filed a motion to dismiss the appeal " on the ground that the District Court had no appellate jurisdiction thereof."

The relators further aver that the respondent overruled their motion, entertained jurisdiction of the appeal, heard and considered the cause on its merits, reversed the judgment of the justice of the peace, and remanded same to his court with instructions to proceed with the trial thereof.

They complain that the judgment of the respondent is contrary to law, and in contravention of the provisions of the constitution, defining and limiting the jurisdiction of magistrates, or justice courts; and that same is consequently absolutely null and void.

And that if, in pursuance of said decree, the justice of the peace should attempt to carry same into effect, his act would be an usurpation of authority, and his judgment an absolute nullity.

The answer of the respondent attracts our attention to the conceded fact that, at the time the relators presented their demand for relief in the premises, the judgment which they complain of as illegal and void had already been rendered by him, and signed, and the record duly transmitted to the court of first instance; and that the said judicial proceedings having terminated *before* the issuance of the supervisory writs from this court, and his connection there-

with having ceased, the remedy sought by them can not be applied, and consequently relief must be refused.

That if this were not so, and further proceedings in said suit were contemplated by him, he had undoubted appellate jurisdiction in the premises—the appeal having been prosecuted from a final judgment of a justice of the peace.

On the merits the respondent returns, that the third opponent did not make the defendant's in the magistrate's court a party thereto, and prayed for no judgment against him; but that he demanded judgment recognizing his privilege as lessor and furnisher of supplies upon the property which relator had caused to be seized under their judgment.

That, as matter of fact, the debt and privilege of third opponent had been previously liquidated and established by a final judgment in his court; and that, in disregard of his rights, the relator had caused same to be seized under a *fi. fa.* issued out the magistrate's court.

That the only course which was open to third opponent was the one he pursued, that of making opposition to the seizure under *fi. fa.* in the court issuing the writ, so that it might fix the rank of the respective privileges of the two claimants, contradictorily with each other—the first seizure of the property affected with the liens having been made under the execution from the magistrate's court.

The record shows, and the foregoing statement from the relator's petition admits, that the respondent had actually tried and disposed of the appeal of third opponent before relators applied for relief by writs of prohibition and *certiorari.*

On this state of facts Mr. High announces the law to be as follows, viz. :

" Another distinguishing feature of the writ (of prohibition) is that it is preventive rather than a corroborative remedy; and (that) it issues only to prevent the commission of a future act, and not to undo an act already performed." High's Extraordinary Legal Remedies, Sec. 766.

In United States vs. Hoffman, 4 Wallace, 158, the Supreme Court, speaking through Mr. Justice Miller, said:

" The writ of prohibition, as its name imports, is one which commends the person, to whom it is directed, not to do something which by the suggestion of the relator the court is informed he is about to do.

If the thing be already done, it is manifest the writ of prohibition can not undo it, for that would require an affirmative act; and the only effect of writ of prohibition is to suspend all action and to prevent any further proceedings in the prohibited direction."

This court had occasion to express a similar opinion in State *ex rel.* Bassetti vs. Judge, 44 An. 1093; and in State *ex rel.* Davidson vs. Judge, 38 An. 178, we held that if the particular grievance complained of "no longer exists there is no longer any need of the relief sought."

On this state of the authorities we are of the opinion that the application for relief by prohibition came too late; but that fact can not seriously affect or impair the relator's rights. For if, indeed, the magistrate's court was not vested with jurisdiction of the matter in dispute in his court, and the respondent decided the appeal erroneously, relators may yet contest third opponent's debt as well as his lien and privilege, in order to protect their previous seizure.

But we are inclined to the opinion that the respondent took a proper view of the case before his court, for two reasons:

1. Because the Constitution confers on district courts "jurisdiction of appeals from justice courts in all matters when the amount in controversy shall exceed ten dollars, exclusive of interest" (Art. 112).

2. Because the Code of Practice provides that when a conflict *of* privilege arises amongst different creditors " all suits and claims shall be transferred to the court by whose mandate the property on which the privilege or right of mortgage is to be exercised was first seized, and said court shall proceed to class the said privileges and right of mortgage according to their rank and dignity," etc. (Art. 126; *vide* Kahn & Bigart vs. Sippili, 35 An. 1041).

We can not perceive any reason why a justice of the peace is not just as much authorized to test and determine the *rank* of conflicting liens and privileges on property which is under seizure in his court as the District Court is. For that question must be determined by the terms of the law or the date of registry, and not by the validity of the debt, except for the purpose of displacing a prior lien and making way for one of inferior rank.

We are of opinion that relators have not presented a case entitling them to relief.

It is therefore ordered and decreed that the preliminary order be set aside, and that relators' demands be rejected at their costs.